NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5294-14T1

CLAUDE OWEN, III,

 Plaintiff-Appellant,

v.

BRIAN GILLIKIN and NORTHWEST
CONSTRUCTION, LLC,

 Defendants-Respondents,

and

NORTHWEST CONSTRUCTION, LLC,

 Third-Party Plaintiff,

v.

CLAUDE OWEN CONSTRUCTION, LLC,
a/k/a OWEN CONSTRUCTION,

 Third-Party Defendant.

________________________________

 Submitted December 19, 2016 - Decided August 2, 2017

 Before Judges Nugent and Currier.

 On appeal from Superior Court of New Jersey,
 Law Division, Monmouth County, Docket No. L-
 4395-13.
 Paul V. Fernicola & Associates, LLC, attorneys
 for appellant (Paul V. Fernicola, on the
 brief).

 Criscione, Ravala & Tabatchouk, LLP, attorneys
 for respondents (Thomas F. Verrastro, on the
 brief).

PER CURIAM

 Plaintiff Claude Owen, III appeals from a June 12, 2015 Law

Division order dismissing his complaint with prejudice for failing

to provide discovery. For the reasons that follow, we affirm.

 Plaintiff commenced this action on November 4, 2013, by filing

a complaint against defendant Brian Gillikin. Plaintiff alleged

that following Hurricane Sandy's October 29, 2012 widespread

destruction of oceanfront communities in Monmouth County, he and

Gillikin formed a joint venture to repair or rebuild damaged

properties.1 Although there was no written partnership agreement,

plaintiff alleged the parties intended to share the net profits.

 According to the complaint, the parties worked on

approximately twenty construction projects which generated more

than 1.2 million dollars in revenue. Gillikin deposited the money

into the bank account of his construction company, Northwest

Construction, LLC (Northwest). The complaint alleges Gillikin

then diverted funds from the joint venture to pay expenses for his

1
 The complaint alleges the parties operated as a joint venture.
Other pleadings refer to a partnership.

 2 A-5294-14T1
other company, BG Electric, Inc., and to fund personal expenses.

When plaintiff requested an accounting, Gillikin refused and

vacated the business premises the parties had leased in Eatontown.

Defendant removed plaintiff's electronic equipment from the leased

premises.

 Plaintiff sought damages for breach of contract, breach of

fiduciary duty, fraud, and violations of New Jersey's wage and

hour law. Plaintiff also sought an accounting.

 Gillikin denied that he personally entered into a partnership

with plaintiff. He claimed that his company, Northwest, entered

into all of the contracts for repair work or rebuilding. Gillikin

further alleged that plaintiff failed to pay for his Aunt's

projects, took payments from one project for his personal use, and

may have taken payments from other customers. According to

Gillikin, plaintiff's company, Owens Construction, LLC, received

a number of payments from Northwest. These payments were either

related to the shore projects or were loans to be repaid from the

shore projects.

 For more than a year after plaintiff filed the complaint, the

parties exchanged many recriminations but little discovery. They

filed numerous motions. Plaintiff amended the complaint to include

Northwest as a direct defendant, and Gillikin filed a third-party

 3 A-5294-14T1
complaint against Claude Owen Construction, LLC.2 Plaintiff served

defendants with three separate notices to produce documents, and

defendants served plaintiff with one on May 8, 2014. Plaintiff's

repeated failure to produce any responsive documents ultimately

resulted in the order dismissing the complaint, which is the

subject of this appeal.

 In their Notice to Produce Documents, defendants enumerated

thirty demands. The majority of the demanded documents concerned

the projects the parties allegedly worked on: contracts for the

projects, documentation of contributions of capital or labor, and

financial documents related to revenue, expenses and

distributions. Defendants also demanded documentary evidence of

the joint venture that plaintiff alleged existed. Other demands

concerned electronic information, including emails and electronic

applications providing corroboration of any of plaintiff's claims.

Another demand was for a group of documents plaintiff brought to

a meeting between the parties. Defendants also demanded that

plaintiff produce certain insurance information, financial

records, personal income tax returns, and corporate income tax

returns.

2
 Other motions included motions for summary disposition and for
partial summary judgment. Each party filed a motion to disqualify
opposing counsel.

 4 A-5294-14T1
 Plaintiff responded to twenty-five of defendants' thirty

demands on June 16, 2014, stating "Any documents in possession of

[p]laintiff responsive to this Request shall be made available for

inspection upon the provision of reasonable notice to

[p]laintiff's attorney." In response to the remaining five

demands, plaintiff stated: "Objection: This request seeks the

production of confidential and privileged communications."3

 On July 31, 2014, the trial court denied cross-motions to

proceed summarily and for partial summary judgment. The

memorializing order included a provision with discovery deadlines.

The order stated, in pertinent part:

 IT IS FURTHER ORDERED that the parties
 exchange all documents with the exception of
 personal income tax returns and responses to
 already served requests for production by
 August 31, 2014, it being understood that the
 volume of records may require inspection, and
 other discovery to proceed per Court Rules;
 and

 IT IS FURTHER ORDERED THAT the parties
 shall be deposed by October 17, 2014; and

 . . . .

3
 Although the responses purported to be those of plaintiff, the
responsive pleading did not include a certification or affidavit,
required by R. 4:18-1(c). Plaintiff was obligated to certify that
his responses were "complete and accurate based on personal
knowledge and/or upon information if provided by others, whose
identity and source of knowledge shall be disclosed." R. 4:18-
1(b)(2). Counsel for Gillikin certified in support of a subsequent
motion to dismiss that "[t]he documents were demanded for
inspection but never provided."

 5 A-5294-14T1
 IT IS FURTHER ORDERED that the parties
 and counsel appear before this court for a
 case management conference on October 6, 2014
 at 9 a.m.

 Plaintiff disregarded the court's order. Defendants filed a

motion, returnable December 19, 2014, to dismiss the complaint for

failure to comply with discovery. Following several adjournments,

the court entered a February 6, 2015 order granting the motion.

The order noted: "This motion is meritorious on its face and is

unopposed. It has been granted essentially for the reasons

expressed herein."

 Notwithstanding this order, plaintiff continued to disregard

his discovery obligations. On April 7, 2015, defendants filed a

motion seeking an order dismissing the complaint with prejudice

pursuant to Rule 4:23-5(a)(2). In a supporting certification,

defense counsel averred defendants were compliant with discovery,

having produced the documents as ordered by the court, "including

but not limited to at least 1000 pages of accounting reports and

records on August 28, 2014, and revisions and supplements thereto

of at least 500 pages." Defendants also asserted, among other

things, they were unable to fully defend plaintiff's allegations

and were unable to "prosecute their counterclaim without this

discovery."

 6 A-5294-14T1
 Defendant's motion was returnable on April 24, 2015. On

April 17, 2015, plaintiff prepared a cross-motion to reinstate the

complaint, compel document production, and compel defendants'

depositions. Plaintiff supported the cross-motion with his own

certification, a certification from a former landlord, and a

certification from his attorney. Plaintiff certified that when

Gillikin left the partnership, he removed from the partners'

Eatontown office all the books and records related to the

partnership projects. Gillikin also removed all of the computers,

filing cabinets, and plaintiff's personal financial records.

Consequently, he had no documents to produce in response to

defendants' demands.

 The former landlord certified that in August 2013, he

witnessed Gillikin removing "large amounts of items from the

Eatontown office." The landlord confronted Gillikin, who

"explained the [p]artnership was re-doing a kitchen and he was

loading a large truck for the renovation[s] the following day."

 Plaintiff's attorney averred that after a meeting among the

parties, he "requested via correspondence additional

documentation," which defendants had not provided. He also averred

defendants had refused to appear for depositions.

 Gillikin filed a responding certification. He averred that

his brother moved Northwest Construction, LLC's property out of

 7 A-5294-14T1
the Eatontown building after that office had closed. He denied

the former landlord's assertions.

 Gillikin's attorney also filed a responding certification.

He pointed out that at the hearing resulting in the July 31, 2014

order, plaintiff did not object or claim not to have documents.

Moreover, in plaintiff's response to defendants' Notice to Produce

Documents, plaintiff stated the documents in his possession

responsive to the requests would be made available for inspection.

Defense counsel also pointed out that during a conference among

the parties, he had seen plaintiff holding documents he claimed

were relevant to the case. Lastly, counsel noted plaintiff

obviously had access to his bank accounts and to his own insurance

information.

 The trial court granted the motion. The court noted in the

June 12, 2015 memorializing order that plaintiff had neither

demonstrated exceptional circumstances nor provided any

explanation for failing to comply with the prior order. In a

supplemental written opinion, the court noted that "even

[p]laintiff's Motion to Reinstate failed to provide [an]

explanation as to why [p]laintiff ignored all previous Orders and

motions."

 The court explained that though plaintiff contended he was

not in possession of the requested documentation, he never opposed

 8 A-5294-14T1
the previous motions by indicating that fact. Rather, only after

plaintiff was served with a motion to dismiss his complaint with

prejudice did he claim defendant took all of the records, making

it impossible for him to comply with the court's order. To the

contrary, plaintiff had represented that documents "shall be made

available for inspection upon the provision of reasonable notice

to [p]laintiff's attorney." The court also noted:

 On July 11, 2014, during a motion hearing, the
 [c]ourt specifically directed [p]laintiff's
 counsel to provide [p]laintiff's "boxes of
 paper" for [d]efendant's inspection, as
 representations were made that [p]laintiff
 possessed responsive documents. Plaintiff
 never complied and has not to the present
 time. Plaintiff cannot allege on one hand
 that he will produce documents upon reasonable
 notice . . ., and then allege that [d]efendant
 took all of the documents thereby making
 compliance impossible. The inconsistency was,
 in this [c]ourt's opinion, disingenuous.

 Furthermore, [p]laintiff's counsel failed to
 appear on the return date of the Motion to
 Dismiss with prejudice despite being sent a
 mandatory appearance letter pursuant to R[ule]
 4:23-5(a)(2) dated April 15, 2015 by the
 [c]ourt. It should be noted, however, that
 the return date of the motion was carried
 several cycles upon request and consent of the
 parties until the ultimate return date of June
 12, 2015.

 This [c]ourt found that [p]laintiff's
 continued willful noncompliance should not be
 rewarded and accordingly granted
 [d]efendant's Motion to Dismiss [p]laintiff's
 [c]omplaint with prejudice.

 9 A-5294-14T1
 Plaintiff filed this appeal from the trial court's

implementing order. On appeal, plaintiff argues the trial court

abused its discretion when it dismissed his first amended complaint

with prejudice. He maintains he could not produce the documents

demanded by defendants because he did not have them; defendant

wrongfully removed them from the partnership office. Plaintiff

contends that to impose the ultimate sanction — dismissing his

complaint with prejudice — when he was guilty of neither misconduct

nor contumacious behavior is a miscarriage of justice.

 Rule 4:23-5 authorizes the dismissal or suppression of a

pleading as a sanction for a party's failure to make discovery.

The rule encompasses a party's failure to respond to a Notice to

Produce documents served "pursuant to . . . [Rule] 4:18." R.

4:23-5(a)(1).

 When a party files a motion under Rule 4:23-5(a)(1), "[u]nless

good cause for other relief is shown, the court shall enter an

order of dismissal or suppression without prejudice." The filing

and service of an order dismissing or suppressing a pleading

triggers legal obligations. The rule further provides in part:

 Upon being served with the order of dismissal
 or suppression without prejudice, counsel for
 the delinquent party shall forthwith serve a
 copy of the order on the client by regular and
 certified mail, return receipt requested,
 accompanied by a notice in the form prescribed
 by Appendix II-A of these rules, specifically

 10 A-5294-14T1
 explaining the consequences of failure to
 comply with the discovery obligation and to
 file and serve a timely motion to restore.

 [Ibid.]

 "If an order of dismissal or suppression without prejudice

has been entered . . . and not thereafter vacated, the party

entitled to the discovery may, after the expiration of 60 days

. . . move on notice for an order of dismissal or suppression with

prejudice." R. 4:23-5(a)(2). The filing and service of the motion

to dismiss or suppress a pleading with prejudice triggers

additional legal obligations:

 The attorney for the delinquent party shall,
 not later than 7 days prior to the return date
 of the motion, file and serve an affidavit
 reciting that the client was previously served
 as required by subparagraph (a)(1) and has
 been served with an additional notification,
 in the form prescribed by Appendix II-B, of
 the pendency of the motion to dismiss or
 suppress with prejudice. In lieu thereof, the
 attorney for the delinquent party may certify
 that despite diligent inquiry, which shall be
 detailed in the affidavit, the client's
 whereabouts have not been able to be
 determined and such service on the client was
 therefore not made. . . . Appearance on the
 return date of the motion shall be mandatory
 for the attorney for the delinquent party or
 the delinquent pro se party. . . .

 [Ibid.]

 The delinquent party can prevent his or her pleading from

being dismissed or suppressed by filing "a motion to vacate the

 11 A-5294-14T1
previously entered order of dismissal or suppression without

prejudice . . . and either [providing] the demanded and fully

responsive discovery . . . or [demonstrating] exceptional

circumstances." Ibid.

 "[T]he standard of review for dismissal of a complaint with

prejudice for discovery misconduct is whether the trial court

abused its discretion, a standard that cautions appellate courts

not to interfere unless an injustice appears to have been done."

Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995).

In the case before us, we cannot conclude from our review of the

record that an injustice has been done, so we heed our Supreme

Court's cautionary note.

 We begin by noting nothing in the record shows that plaintiff

provided any discovery. Plaintiff now claims he has no discovery

responsive to any of defendants' document demands. That is not

what he said when he answered them. Rather, he represented he had

documents responsive to twenty-five of the demands and they could

be inspected on reasonable notice in his attorney's office. Yet,

when defendants attempted to arrange for an inspection, he thwarted

their efforts. Significantly, plaintiff did not deny during motion

practice in the trial court, nor does he deny on appeal, either

that he represented he had documents responsive to defendants'

 12 A-5294-14T1
demands or that he thwarted defendants' efforts to inspect those

documents.

 Additionally, in explaining the dismissal with prejudice, the

trial court noted: "On July 11, 2014, during a motion hearing, the

[c]ourt specifically directed [p]laintiff's counsel to provide

[p]laintiff's 'boxes of paper' for [d]efendant's inspection, as

representations were made that [p]laintiff processed responsive

documents." Plaintiff does not deny that this is what took place

during the hearing. Plaintiff does not claim he corrected the

court's belief — which was based on plaintiff's representations —

that plaintiff was in possession of boxes of documents.4

 Lastly, plaintiff does not explain why he could not respond

to defendants' demands for some of the documents, such as insurance

information and the documents plaintiff had in his possession at

a conference among the parties.

 Plaintiff's failure to provide explanations for the

inconsistencies in his statements concerning discovery was

inexcusable and untenable, as was his apparent failure to appear

in court on the return date of defendants' motion to dismiss the

complaint with prejudice. Plaintiff's inconsistent statements,

4
 Plaintiff has provided neither the transcript of this hearing
nor the transcript of the final hearing when the court dismissed
the complaint with prejudice.

 13 A-5294-14T1
defiance of court rules, and disregard of the trial court's order

warranted the court's characterization of his conduct as

disingenuous. Plaintiff's conduct had every appearance of being

both obstructionist and contumacious. Given these circumstances,

we cannot find the trial court abused its discretion when it

dismissed plaintiff's complaint with prejudice.

 Affirmed.

 14 A-5294-14T1